ON PETITION FOR REHEARING.
In his petition for rehearing the appellant points out that instruction No. 3 given by the court, of which he complained, is set out in full in his brief although the original opinion states that it does not appear in the brief. It is set out on page 31 of the brief as part of what is numbered (24), which purports to be an argument concerning instructions 7 and 23, tendered and refused.
We have reexamined the appellant's brief in respect to this instruction. The statement is made that it is in direct conflict with the rule laid down in 45 U.S.C.A., § 53. No reason is given why it conflicts with the statute, and to the court it does not appear to conflict. The rest of his discussion, and the authorities cited in the petition for rehearing, assumes the instruction to be erroneous and dwells upon the contention that a bad instruction is not cured by good ones. The instruction in question is as follows:
"In this action, the doctrine of comparative negligence applies that is to say, if both parties to the action were negligent, the plaintiff would be entitled to recover even though 6. negligent and his negligence would reduce his damages in proportion that he may have been less negligent than the defendant, *Page 471 
but on this point, I instruct you further that if the evidence shows that the defendant was guilty of no negligence in causing the injuries of which plaintiff complains and that plaintiff's injuries were caused solely by plaintiff's negligence then plaintiff cannot recover and your verdict should be for the defendant."
Appellant concedes that a similar instruction involving comparative negligence is correct. No reason why this instruction incorrectly states the law has been called to our attention, and we find none.
The petition for rehearing is denied.